Case No. 17-1526

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

John Doe and Michael Ericksen,
Plaintiffs/Appellants,

v.

United States,
Defendant/Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF MICHIGAN

**APPELLANTS' RESPONSE TO MOTION TO REFORM CAPTION
AND PROOF OF SERVICE**

Michael Ericksen (MI P40385)
Attorney for Plaintiffs-Appellants
8376 Huntington Road
Huntington Woods, MI 48070
248-217-9705
mlericksen@yahoo.com


Patricia Gaedeke (MI P37319)
Attorney for Defendant-Appellee
Assistant U.S. Attorney
United States Attorney's Office
211 West Fort Street, Suite 2001
Detroit, MI 48226
313-226-9516
patricia.gaedeke@usdoj.gov

1

**Response**

Defendant-Appellee filed a "Motion to Reform Caption" on June 22, 2017, in which it asserts that (1) the caption of this appellate case is incorrect because it doesn't refer to John Doe by his real name; and (2) Doe's appeal must be dismissed because the notice of appeal doesn't include his real name. As will be explained, these assertions are wrong.

<u>Appropriate Caption</u>

The Complaint [R 1] uses an alias, "John Doe," to refer to Daniel Ericksen. Appellee moved for dismissal pursuant to FRCP 12(b)(6), and included in this motion an objection to use of an alias. *See* Dismissal Motion [R 7], at Page ID 37-38. In response to this objection, Appellants filed a motion asking that Judge Steeh waive strict compliance with a rule requiring that the title of a complaint "name all the parties." FRCP 10(a). *See* Motion to Waive [R 10].[1] Judge Steeh denied the motion. Order Denying Motion to Waive [R 18] (hereafter, "Rule 10 Order").

---

[1] In their response to the dismissal motion, Appellants attached an affidavit in which Doe formally confirmed his identity. *See* Affidavit in Support of Response [R 9-2], at Page ID 109. His identity was no secret to Appellee or the lower court, however. *See* Dismissal Motion [R 7], at Page ID 31 n.1. Appellants also pointed out that Doe's real name could be easily ascertained by anyone in the public who cared to do so. *See* Response to Dismissal Motion [R 9], at Page ID 91-92; Brief in Support of Motion to Waive [R 10], at Page ID 121-22.

As of January 20, 2017, when the Rule 10 Order was issued, more than 21 days had elapsed since Appellee filed the dismissal motion.  Appellants therefore could not amend the Complaint to comply with Rule 10 absent Judge Steeh's authorization or Appellee's written consent.  *See* FRCP 15(a).  Appellee did *not* provide such consent.

Nor was leave to amend the Complaint granted by the lower court.  To the contrary, Judge Steeh strongly implied that any such request would be denied as pointless:  He referred in the Rule 10 Order to the law suit's "lack of merit," and disclosed that he "anticipate[d] granting" the then-still-pending dismissal motion.  Rule 10 Order [R 18], at Page ID 190.  *See generally, e.g., Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 633 (6th Cir. 2009) ("[A] motion to amend a complaint should . . . be denied if the amendment . . . would be futile." (citation & quotation marks omitted)); *compare, e.g., Williams v. Detroit Progress Fund*, No. 15-13798, 2016 WL 1060410, at *1 (E.D. Mich. March 17, 2016) (Steeh, District Judge; unpublished) ("[P]lantiffs' motion to amend [the complaint] shall be denied as futile as it could not survive a motion to dismiss."); *Van Emon v. State Farm*, No. 05-72638, 2008 WL 3539480, at *1 (E.D. Mich. Aug. 11, 2008) (Steeh, District Judge; unpublished) (Plaintiff's "motion to amend the Second Amended Complaint shall be denied as futile.").

Rather than ordering or authorizing the Complaint to be amended, Judge Steeh invited Doe to "voluntarily dismiss" the case. Rule 10 Order [R 18], at Page ID 193. If Doe failed to accept that invitation by January 31, 2017, Judge Steeh cautioned, the court would "identify [him] . . . on . . . court documents." *Id*. Thus instead of requiring that the Complaint be amended, the lower court decided to enforce Rule 10(a) by captioning its own documents *as if* that amendment had been made.

This interpretation of the Rule 10 Order is borne out by the subsequent dismissal order, which was entered on March 9, 2017. *See* Dismissal Order [R 19]. Unsurprisingly, failure to amend the Complaint was *not* cited by Judge Steeh as grounds for dismissal. And true to his warning, Judge Steeh identifies Doe by name in the caption of the dismissal order [R 19] and corresponding judgment [R 20] – the Complaint and docket captions notwithstanding.

Appellee now complains that "the district court clerk's office did not change the caption on its docket" after entry of the Rule 10 Order. Motion to Reform Caption, at 2. Judge Steeh, however, did *not* order the clerk to make such a change: He only indicated in the Rule 10 Order that "the court" – meaning *Judge Steeh* -- would be identifying Doe in "court papers" and "court documents." Rule 10 Order [R 18], at Page ID 193. Thus *it was proper for the lower-court clerk to leave the docket caption unchanged. Compare, e.g., Leon v. Rockland Psychiatric*

*Ctr.*, __ F.Supp.3d __, 2017 WL 519272, at *1 n.1 (S.D. N.Y. Feb. 8, 2017) (Karas, K.) ("[T]he Clerk of Court is instructed to amend the caption [as stated] . . . ."); *Justice v. Hussey*, 15-546, 2016 WL 1601193, at *1 n.2 (E.D. N.C. April 20, 2016) (unpublished) ("The clerk is DIRECTED to terminate from the docket as parties to this action [certain named entities] . . . . The clerk shall further amend the docket to reflect the full titles of defendants Hussey and Sanchez as provided in plaintiff's complaint."); *Stoller v. Bank of New York Mellon Trust Co.*, 12-1307, 2012 WL 5878000, at *2 (D. Arizona Nov. 20, 2012) (unpublished) ("IT IS ORDERED: . . . [T]he docket must be modified to reflect that Leo Stoller, as agent of Christopher Stoller, is the Plaintiff."); *Gasaway v. Williams*, 8:11-0549, 2012 WL264611, at *7 (N.D. N.Y. Jan. 30, 2012) (unpublished) ("[I]t is ORDERED that the Clerk of the Court shall amend (1) the description of Dkt. No. 8 to reflect that the document filed is Plaintiff's Amended Complaint, and (2) the caption on the docket to reflect the resulting change in Defendants . . . ."); *Roswell Capital v. Alternative Construction Technologies*, 08-10647, 2009 WL 1357226, at *2 (S.D. N.Y. May 7, 2009) (Eaton, Magistrate Judge; unpublished) ("I direct the Docket Clerk to change the caption on the first pages of the docket sheet to reflect the addition of four defendants . . . ."); *Shabazz v. CMS/FCM Medical Sys.*, 06-72, 2007 WL 474302, at *1 (D. Del. Feb. 9, 2007) (unpublished) ("The clerk of the

court is directed to correct the docket to reflect the defendants listed in the caption of the amended complaint . . . .").

Appellee also complains that the captions of the notice of appeal and Appellants' Brief conform with the captions of the Complaint and lower-court docket, rather than with the caption used by Judge Steeh in the judgment and dismissal order. *See* Motion to Reform Caption, at 2-3. But here again, Judge Steeh indicated in the Rule 10 Order only that *he* would be deviating from the Complaint/docket caption: He did not require that the parties do so. *Compare Stoller*, 2012 WL 5878000, at *2 ("IT IS ORDERED: . . . The caption for all future filings in this case must conform to the caption on this Order . . . .").

If Appellee was unsatisfied with the terms of the Rule 10 Order, it could have filed a motion for reconsideration under Local Rule 7.1(h) asking Judge Steeh to amend or modify it so as to (1) require Appellants to amend the Complaint; (2) require the clerk to change the docket caption; and/or (3) require the parties to identify Doe in the title of their papers. Appellee filed no such motion, however.

Nearly 6 months after the fact, **Appellee is in effect now asking for modification of the Rule 10 Order**. Since neither party appealed that order, the request should be denied.

Sufficiency of Notice

Appellate Rule 3 requires that the notice of appeal "specify the . . . parties taking the appeal by naming each one in the caption or body of the notice." FRAP 3(c)(1)(A). Because Appellants' notice doesn't identify Doe, Appellee argues, the appeal should be dismissed as to him. Motion to Reform Caption, at 3. Appellee misreads Rule 3.

Rule 3's naming requirement is subject to an explicit exception: "[A]n attorney representing more than one party may describe those parties [in the notice of appeal] with such terms as 'all plaintiffs,' [or] 'the defendants' . . . ." FRAP 3(c)(1)(A). Thus Rule 3 does *not* require that Doe be named in either the caption or body of the notice.

Appellants' notice repeatedly uses the plural form, "plaintiffs." It therefore would comply with Rule 3 even if it included neither Doe's real name *or* his alias. *See generally Smith v. Barry*, 502 U.S. 244, 248 (1992) (The "requirements" of Rule 3 must be "liberally construe[d].").

Since Appellants' notice *does* include the alias, though, the issue is even more straightforward. "An appeal must not be dismissed for . . . failure to name a party *whose intent to appeal is otherwise clear from the notice*." FRAP 3(c)(4) (emphasis added). *See generally Becker v. Montgomery*, 532 U.S. 757, 767 (2001)

7

("[I]mperfections in noticing an appeal should not be fatal *where no genuine doubt exists about who is appealing*, from what judgment, to which appellate court." (emphasis added)); *Smith*, 502 U.S. at 248 ("[T]he *notice afforded by a document* . . . determines the document's sufficiency as a notice of appeal." (emphasis added)); *Raley v. Hyundai Motor Co.*, 642 F.3d 1271, 1277 (10th Cir. 2011) ("The test for determining whether a particular party has appealed is whether a . . . notice of appeal . . . makes it objectively clear that the party . . . intended to appeal . . . ." This intent can be communicated by "naming the . . . party or by using a term" that would include the party, such as "the defendants." (quotation marks, brackets, and citation omitted)).[2]

Appellee does not claim, and could not honestly claim, that it was uncertain as to Doe's identity at *any* point in this litigation – much less when the notice of appeal was filed. The notice therefore served its purpose of advising Appellee of Daniel Ericksen's "intent to appeal." FRAP 3(c)(4). *See Specker Motor Sales v. Eisen*, 393 F.3d 659, 662 (6th Cir. 2004) ("[T]he functional equivalent test is satisfied when the litigant's acts give the appellee notice of the litigant's intent to seek appellate review. . . . The government concedes that it was subjectively

---

[2]Appellee falsely implies that *Raley* supports dismissal of Doe's appeal. *See* Motion to Reform Caption, at 3. *Raley* held that an intention to appeal must be manifested in the notice of appeal itself. *See Raley*, 642 F.3d at 1277 (declining to review "the record of this case outside the notices of appeal" for purposes of ascertaining a party's "intent to appeal"). That proposition is irrelevant here.

aware at every step of litigation that . . . [an unnamed party] was the opposing party. *Such awareness constitutes the notice sufficient to satisfy the functional equivalent test*." (citation omitted; emphasis added)).

Because the notice of appeal refers to both plaintiffs, and because it identifies Daniel Ericksen by his alias, and because Appellee knows that the alias refers to Daniel Ericksen, there is no merit to Appellee's claim that the appeal should be dismissed as to Doe.[3]

## Summary

Appellee's request for a change in the docket caption vis-à-vis the Complaint caption would have merit if that change was ordered by Judge Steeh. Because Judge Steeh issued no such order, the Court should deny the request.

Regardless of whether the caption of Appellants' notice of appeal is correct, the notice is sufficient because it clearly disclosed Daniel Ericksen's intent to appeal. Appellee's request for dismissal as to Doe should therefore also be denied.

/s/ Michael Ericksen (MI P40385)
Attorney for Plaintiffs-Appellants
July 2, 2017

---

[3] This would of course be true even if, as Appellee wrongly asserts, the notice caption is incorrect.

## Certificate of Service

On July 2, 2017, I electronically filed this brief with the Clerk of Court using the ECF system, which will send notice of the filing to other attorneys of record.

/s/ Michael Ericksen (MI P40385)
Attorney for Plaintiffs-Appellants
July 2, 2017
